New Orleans<br>v.<br>North.

---

## Rosa Mahier, f. w. c., *v.* V. LeBlanc, Jr., et al.

A charge of simulation in a judgment or contract will be controlled by an accompanying averment, that certain specified credits were not allowed, which, if they had been allowed, would still have left a balance due the party obtaining the judgment, or in whose favor the contract was made.

The draft sued upon being an instrument *sous seing privé*, and no proof *aliunde* offered of its date, the only date which can be assigned to it is that of its protest.

The mortgage and seizure by executory process of the defendants having been made before the debt of plaintiff accrued, the latter is precluded, by Art. 1988 of the Civil Code, from having them annulled, as made in fraud of her rights.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J. *J. J. Burk*, for plaintiff and appellant. *E. B. Robertson* and *F. R. Brunot*, for defendant.

BUCHANAN, J. This is a revocatory action instituted by a free colored woman, as bearer of an acceptance of the late *Villeneuve LeBlanc*, Senior, of a draft in her favor, of the following tenor:

"OUEST BATON ROUGE, 30 *Novembre*, 1849,

$ 5533 92.

Le premier novembre, mil huit cent cinquante (1850) veuillez payer à mon ordre et au Bureau du Recorder de cette paroisse, la somme de cinq mille cinq cent trente-trois 92-100 piastres, valeur reçue, que vous passerez sur le compte de votre servante,

Rosa Mahier."

" *Monsieur Villeneuve LeBlanc*, Ouest Bâton Rouge."

Signed across the face    "V. LeBlanc."<br>Endorsed in blank    "Rosa Mahier."

By a notarial protest filed with the draft, it is certified that the same was presented on the 4th November, 1850, to the drawee for payment; and that the drawee replied to said demand that he had no funds to pay the same or any part thereof.

The object of this suit is to annul and set aside certain judgments, and the seizure and sale of property in execution thereof, in favor of the defendants, children of *Villeneuve LeBlanc*, Senior, the acceptor of the above described draft, as having been rendered and made in fraud of the plaintiff, as creditor of said *Villeneuve LeBlanc*, Senior.

The petition alleges simulation as well as fraud in the judgments and contracts complained of. But this allegation is viewed by us as controlled by subsequent allegations in plaintiff's petition, to the effect that *Villeneuve LeBlanc* had not been allowed certain credits in his accounts with his children, which credits are specifically set forth, and which, if allowed, would still have left a balance due his children by him.

To this action the defendants have pleaded, as peremptory exceptions:

MAHIER
*v.*
LeBLANC.

1st. The plaintiff has no right to sue to annul an obligation or contract made before her debt accrued.

2d. This being a revocatory action, is barred by the prescription of one year.

The defendants also pleaded, by way of answer, in case their exceptions should be overruled, that the acceptance and draft held by plaintiff was a disguised donation to a concubine, made to evade the law, and without any legal consideration.

The case was tried upon the exceptions, which were maintained by the District Court, and the suit dismissed. The plaintiff has appealed.

Upon the first exception: the draft held by plaintiff purports to be dated the 30th November, 1849; but, being a writing *sous seing privé* it has, *per se*, no date as against third persons. The acceptance of the draft bears no date, and for the determination of the antiquity of the claim of plaintiff, as compared with the contracts and judgments which she seeks to annul, the only date which can be assigned to that claim is the date of the protest, to wit: the 4th November, 1850; for no other proof has been adduced of the existence of the draft, or of of any other legal consideration for the same, at a previous date to that protest.

On the other hand, the defendants are proved to have held mortgages granted them by three several authentic acts, dated the 27th February, 1850, for balance of account acknowledged to be due them, severally, by *Villeneuve LeBlanc*, senior, as their natural tutor; on which mortgages importing confession of judgment, three several writs of seizure and sale were regularly issued on the 16th September, 1850; and after demand of payment made of the debtor on the 30th October, 1850, the property mortgaged was duly advertised, and was sold by the Sheriff on the 7th December, 1850, to the defendants, as the last and highest bidders. This statement of facts shows that the mortgages and the seizures by executory process of the defendants were made before the time the draft of plaintiff accrued, and, consequently, under Article 1988 of the Civil Code, cannot be annulled at the suit of plaintiff, as made in fraud of her rights. 12 L. R. 201; 17 L. R. 353.

Our opinion upon the first exception renders it unnecessary to examine the plea of prescription.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.